Wachtler, J.
(dissenting in part and concurring in part). I agree with the majority that the protection afforded teachers by section 3020-a of the Education Law is quite broad, and that the purpose of the statute is to insulate teachers from “arbitrary imposition of formal discipline”. For this reason, I am compelled to disagree with the majority’s categorization of letters placed in a teacher’s file, however critical, as inherently nondisciplinary.
It must be recognized that the content of a letter is of crucial significance; in the absence of that analysis the impact of a letter simply cannot be assessed.
A letter such as that placed in Mr. Doyle’s file, which is merely informational in nature concerning relatively minor infractions, and which expresses no more than the *637 “wish [that] this problem can be resolved”, is not in my view of a punitive nature and therefore the procedural protections of section 3020-a should not be invoked.
On the other hand, the letters placed in the file of Mr. Holt illustrate that the content of a letter, when couched in the language of reprimand, can insure an impact which is the equivalent of administrative discipline. Thus, the letter by Mr. Eindsberg accusing Mr. Holt of repeated breaches of rules, despite prior warnings, which breaches were explained by a “flimsy excuse”, and which allegedly constituted conduct “unbecoming of a teacher and * * * insubordinate”, can only be viewed as severe in its tone, and qualitatively different from an informational note. Equally excoriating was the letter to Mr. Holt from Mr. 0‘Connell, which described Mr. Holt’s actions as demonstrating “both incompetence and insubordination”. A teacher should not be left without due process protections in the face of such severe accusations, and in this type of situation the procedural safeguards of section 3020-a should be invoked.
Accordingly, for the reasons stated above, I concur with the result reached by the majority in Matter of Doyle. In Holt I dissent and would reverse the order of the Appellate Division.
In Holt v Board of Educ.: Order affirmed, with costs.
Judges Gabrielli, Jones and Meyer concur with Judge Jasen; Chief Judge Cooke dissents and votes to reverse in a separate opinion; Judge Wachtler dissents and votes to reverse in another dissenting opinion in which Judge Fuchsberg concurs.
In Matter of Doyle v Board of Educ.: Order reversed, with costs, and the judgment of Supreme Court, Cattaraugus County, reinstated.
Judges Gabrielli, Jones and Meyer concur with Judge Jasen ; Judge Wachtler concurs in a separate opinion in which Judge Fuchsberg concurs; Chief Judge Cooke dissents and votes to affirm in another opinion.